**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**NEW YORK STATE TEAMSTERS CONFERENCE**
**PENSION & RETIREMENT FUND,** *by its Trustees,*
*John A. Bulgaro, Michael S. Scalzo, Sr., Brian K.*
*Hammond, George E. Harrigan, Chris Langan,*
*Daniel W. Schmidt, Mark D. May, and Rusty Staab,*

 **Plaintiffs,**

  **vs.**  5:25-CV-419
 (MAD/CBF)

**YANK WASTE COMPANY, INC.,** *and any and all*
*members of its controlled group,*

 **Defendants.**

---

APPEARANCES:  OF COUNSEL:

**PARAVATI, KARL, GREEN**  **VINCENT M. DEBELLA, ESQ.**
**& DEBELLA, LLP**  **JOSEPH A. DETRAGLIA, ESQ.**
520 Seneca Street, Suite 105
Utica, New York 13502
Attorneys for Plaintiffs

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

On April 4, 2025, Plaintiffs New York State Teamsters Conference Pension and

Retirement Fund ("Pension Fund"), by its Trustees, commenced this action against Defendant

Yank Waste Company, Inc. ("Yank Waste"), and any and all members of its controlled group,

alleging that Yank Waste owes Plaintiffs payment of outstanding employer withdrawal liability,

interest, and attorneys' fees and costs pursuant to the Employee Retirement Income Security Act

of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980

1

("MPPAA"). *See* Dkt. No. 1 ("Complaint"). Presently before the Court is Plaintiffs' unopposed motion for default judgment. *See* Dkt. No. 20 ("Motion"). For the following reasons, the Motion is granted as to Defendant Yank Waste, but not as to its controlled group.

## II. BACKGROUND

Defendant Yank Waste is a domestic corporation with offices in Albany, New York, and is an employer as defined in 29 U.S.C. § 1002(5). *See* Dkt. No. 1 ¶ 10. The Pension Fund has offices located in Syracuse, New York. *See id.* ¶ 5. This suit is brought by John A. Bulgaro, Michael S. Scalzo, Sr., Brian K. Hammond, George E. Harrigan, Chris Langan, Daniel W. Schmidt, Mark D. May, and Rusty Staab, who are trustees of the Pension Fund and "fiduciaries" as defined in 29 U.S.C. § 1002(21). *See id.* ¶ 6. Plaintiffs allege that Yank Waste was a party to a collective bargaining agreement requiring it to make contributions to an employee benefit and multi-employer pension plan (the "Plan"), it completely withdrew from the Plan, and, as such, it owes withdrawal liability to the Pension Fund. *See id.* ¶¶ 7, 23, 26. Yank Waste allegedly failed to remit payment, accelerating its withdrawal liability and constituting default under the Plan, and resulting in it owing additional amounts of interest, attorneys' fees, and costs. *See id.* ¶¶ 27–32.

Plaintiffs seek payment to the Pension Fund of employer withdrawal liability, and interest at a rate of 11 percent from April 8, 2024, the date the first payment was not timely made, through November 21, 2025, the date the Motion was filed. *See* Dkt. No. 20-13 ("Statement of Amount Due"). Plaintiffs also seek an additional award of the greater of 11 percent accrued interest on the withdrawal liability or 10 percent liquidated damages on the withdrawal liability, along with pre-judgment interest of 11 percent per annum from November 21, 2025 to the date of judgment, attorneys' fees and costs, and post-judgment interest pursuant to 28 U.S.C. § 1961(a). *See id.*

2

Accordingly, Plaintiffs contend that Defendants owe the Pension Fund $214,669.49 in employer withdrawal liability, $10,280 in attorneys' fees and costs, $38,296.48 in interest, $38,296.48 in additionally awarded interest, pre-judgment interest at a rate of $64.69 per diem, and post-judgment interest at the rate instructed by 28 U.S.C. § 1961(a). *See id.*

### III. DISCUSSION

**A.    Standard of Review**

"Generally, 'Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant.'" *United States v. Simmons*, No. 10-CV-1272, 2012 WL 685498, *2 (N.D.N.Y. Mar. 2, 2012) (quoting *Robertson v. Doe*, No. 05-CV-7046, 2008 WL 2519894, *3 (S.D.N.Y. June 19, 2008)). "First, under Rule 55(a), when a party fails to plead or otherwise defend . . . the clerk must enter the party's default." *Id.* (quotation marks and citation omitted); *see also* FED. R. CIV. P. 55(a). Local Rule 55.1 requires the party requesting an entry of default to submit an affidavit showing that the party against whom judgment is sought "is not an infant, or an incompetent person," that the party "has failed to plead or otherwise defend the action," and that the party has been "properly served the pleading" without responding. *See* N.D.N.Y. L.R. 55.1.

"Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court." *Simmons*, 2008 WL 685498, at *2 (citation omitted). "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id.* (citation omitted); *see also* FED. R. CIV. P. 55(b)(2). Local Rule 55.2(b) requires that the moving party accompany a default judgment motion with a memorandum of law, a proposed order, and an affidavit attesting that the defendant is not an infant or an incompetent person, is not in the

military service, and has defaulted in appearance in the action, and that service was properly effected under Rule 4 of the Federal Rules of Civil Procedure, the amount shown in the statement is justly due and owing, and the disbursements sought to be taxed have been made or will necessarily be made or incurred. *See* N.D.N.Y. L.R. 55.2(b).

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." *Bravado Int'l Group Merch. Servs., Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)).

"A district court is empowered under Rule 55(b)(2), in the exercise of its discretion, to 'conduct hearings or make referrals' as may be necessary, *inter alia*, to determine the amount of damages or establish the truth of the plaintiff's allegations." *Pac. M. Int'l Corp. v. Raman Int'l Gems, Ltd.*, 888 F. Supp. 2d 385, 392 (S.D.N.Y. 2012) (quoting FED. R. CIV. P. 55(b)(2)(B)-(C)). "[A] court may rely upon affidavits and documentary evidence" to evaluate the sum of damages in a default judgment, as it does in this case. *Overcash v. United Abstract Group, Inc.*, 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008); *see also Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991) (upholding award of damages on default judgment without a hearing as the district judge was "inundated with affidavits, evidence, and oral presentations by opposing counsel").

Although the Court accepts as true the factual allegations in the Complaint for purposes of determining liability, the Court must be sure there is proof in the record to support a damages award. *See Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation.") (citations omitted); *Overcash*, 549 F. Supp. 2d. at 196 ("[E]ven upon default, a court may not rubber-stamp the non-

defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought.") (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). "The burden is on the plaintiff to establish its entitlement to recovery." *Bravado Int'l*, 655 F. Supp. 2d at 189 (citing *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158).

**B.      Default Determination**

### 1.      Procedural Requirements

Plaintiffs have satisfied the procedural prerequisites for obtaining a default judgment against Yank Waste. Plaintiffs have properly served Yank Waste with the summons and Complaint, *see* Dkt. No. 11 ("Affidavit of Service"); obtained an entry of default, *see* Dkt. Nos. 15 ("Request for Entry of Default"), 16 ("Clerk's Entry of Default"); served this Motion on Yank Waste, *see* Dkt. No. 22 ("Certificate of Service"); and provided an affidavit showing that Yank Waste is not an infant, incompetent, or in the military service. *See* Dkt. No. 20-1 ("DeBella Declaration") ¶ 7. Accordingly, the Court turns to whether Plaintiffs have met their burden of demonstrating that they are entitled to the relief requested.

### 2.      Liability of Yank Waste

As Defendants have failed to appear in this action, they are deemed to have admitted all well-pled, relevant factual allegations for purposes of establishing liability. *See Bravado Int'l*, 655 F. Supp. 2d at 188; *see also United States v. Beam*, No. 12-CV-87, 2012 WL 1802316, *2 (N.D.N.Y. May 17, 2012) ("By failing to answer plaintiff's complaint or oppose this motion, defendant has effectively conceded that she is bound by the terms of the [agreement] entered into with plaintiff."). Before entering default judgment, however, the Court must review the allegations to determine whether Plaintiffs have stated a valid claim for relief. *See Finkel v.*

*Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009); *Telequip Corp. v. Change Exch.*, No. 01-CV-1748, 2004 WL 1739545, at *1 (N.D.N.Y. Aug. 3, 2004).

Under ERISA, as amended by the MPPAA, "a company withdrawing from a multiemployer plan" is obligated to pay "withdrawal liability." *Mar-Can Transportation Co., Inc. v. Loc. 854 Pension Fund*, 167 F.4th 581, 586 (2d Cir. 2026). This liability "generally represents the portion of a multiemployer pension fund's 'unfunded vested benefits' allocable to the withdrawing employer," and can be triggered by a party's "complete withdrawal" from the plan. *New York State Teamsters Conf. Pension & Ret. Fund v. C&S Wholesale Grocers, Inc.*, 24 F.4th 163, 170 (2d Cir. 2022) (citations omitted). "Generally, where a plan sponsor seeks withdrawal liability payments, it must 'show only that it complied with statutory procedural requirements.'" *Div. 1181 Amalgamated Transit Union-New York Emps. Pension Fund v. D & A Bus Co., Inc.*, 270 F. Supp. 3d 593, 608 (E.D.N.Y. 2017) (citation omitted).

Here, in accordance with the statutory requirements of ERISA and the MPPAA, Plaintiffs have alleged that the Pension Fund "terminated Yank Waste's participation in the" Plan, that Yank Waste "permanently ceased all covered operations under the Plan and/or permanently ceased to have an obligation to contribute to the Plan," and that Yank Waste "had completely withdrawn from the Plan." Dkt. No. 1 ¶¶ 25–26. Further, Plaintiffs allege that "the Pension Fund notified Yank Waste of the assessed withdrawal liability" and properly demanded payment in the form of a lump sum or in interim monthly payments, that Yank Waste failed to request a review of the matter and failed to remit payment, and that this failure accelerated the withdrawal liability along with awards of interest, reasonable attorneys' fees, and costs. *Id.* ¶¶ 27–32.

The Court finds that, given the unopposed filings, the extensive documentation provided by Plaintiffs, and the relevant law, Yank Waste is liable to Plaintiffs. *See Rusyniak v. Gensini*, No.

07-CV-279, 2009 WL 3672105, *1 n.1 (N.D.N.Y. Oct. 30, 2009) (concluding that when a motion for default judgment is unopposed, the movant only needs to satisfy the "modest burden of demonstrating entitlement to the relief requested"). Accordingly, Plaintiffs' motion for default judgment is granted with respect to their withdrawal liability claim against Yank Waste.

### 3. Liability of Yank Waste's Controlled Group

In addition to the action against Yank Waste, Plaintiffs also bring this action against "any and all members of [Yank Waste's] controlled group." Dkt. No. 1 at 1. Plaintiffs note that the "MPPAA imposes joint and several liability upon the participating employer and all members of its 'controlled group.'" *Id.* ¶ 12. However, Plaintiffs have not alleged facts as to Yank Waste's controlled group. *See id.* Additionally, Plaintiffs have only received a certificate of default as to Defendant Yank Waste. *See* Dkt. No. 16. Therefore, to the extent Plaintiffs seek a default judgment against any unidentified members of Yank Waste's "controlled group," the Court denies that request. *See Unite Here Ret. Fund v. Angelo of Mulberry St. Inc.*, No. 21-CV-583, 2022 WL 902892, at *2 (S.D.N.Y. Mar. 28, 2022) (denying request for default judgment where plaintiffs did not allege facts supporting a control group claim); *D & A Bus Co.*, 270 F. Supp. 3d at 611 (denying request for default judgment against alleged member of controlled group based on conclusory allegations) (collecting cases); *New York State Teamsters Conf. Pension & Ret. Fund v. Escro Transp. LTD*, No. 25-CV-421, 2026 WL 785320 (N.D.N.Y. Mar. 20, 2026) (denying default judgment where plaintiffs did not receive certificate of default as to the controlled group).

### C. Damages

"[I]t is well established that '[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230,

234 (2d Cir. 2012) (citation omitted). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Id.* (citing FED. R. CIV. P. 55(b)(2)). "Magistrate judges and district courts have interpreted this to mean that . . . damages must be based on admissible evidence." *House v. Kent Worldwide Mach. Works, Inc.*, 359 F. App'x 206, 207 (2d Cir. 2010) (summary order).

### 1.    Withdrawal Liability

Plaintiffs seek $214,669.49 in withdrawal liability. *See* Dkt. No. 20-13. Plaintiffs determined this amount through calculations provided in a letter from the Plan's actuary as to Yank Waste's withdrawal liability. *See* Dkt. No. 20-12 ("Stilwell Declaration") ¶¶ 8–10.

"[W]here, as here, the damages sought consist, in part, of delinquent withdrawal liability payments and where the employer has otherwise failed to timely request arbitration, courts have the discretion to adopt [] the sum proffered by the plan, even in the absence of documentation as to how the figure was calculated." *D & A Bus Co.*, 270 F. Supp. 3d at 613 (internal quotations and citation omitted) (collecting cases). After reviewing Plaintiffs' Motion and supporting documentation, the Court finds that Plaintiffs sufficiently established the amount of withdrawal liability owed, and awards Plaintiffs $214,669.49 in withdrawal liability.

### 2.    Interest

Plaintiffs seek interest at the Plan's rate of 11 percent from April 8, 2024, the date the first payment was not timely made, through November 21, 2025, the date the Motion was filed. *See* Dkt. No. 20-13. Plaintiffs calculate this amount to be $38,296.48. *See id.* Pursuant to 29 U.S.C. § 1132(g)(2)(C), Plaintiffs also seek an additional award of either the greater of the 11 percent accrued interest or 10 percent liquidated damages on the withdrawal liability, and they note that

8

the award from the interest at $38,296.48 is the greater amount (greater than $21,466.95 in liquidated damages). *See id.*

After reviewing Plaintiffs' Motion and supporting documentation, the Court finds that these calculations accurately reflect the amount of interest owed by Yank Waste and, as such, awards Plaintiffs $38,296.48 in interest and $38,296.48 in additionally awarded interest.

### 3.    Attorneys' Fees and Costs

Plaintiffs seek $9,835.00 in attorneys' fees and $445.00 in legal costs. *See* Dkt. No. 20-13. In an ERISA action like the one before the Court, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). "[A] district court must begin its § 1132(g)(1) analysis by determining whether a party has achieved 'some degree of success on the merits,' but it is not required to award fees simply because this pre-condition has been met." *Toussaint v. JJ Weiser, Inc.*, 648 F.3d 108, 110 (2d Cir. 2011) (quoting *Hardt v. Reliance Standard Life Ins. Co.*, 500 U.S. 242, 254 (2010)).

As the Court finds that Defendant Yank Waste is liable to Plaintiffs, and Plaintiffs have achieved success on the merits, the Court finds that an award of attorneys' fees and costs is appropriate. *See Bricklayers & Allied Craftworkers Loc. 2 v. Mainstream Specialties Inc.*, No. 20-CV-463, 2020 WL 6781512, at *3 (N.D.N.Y. Nov. 18, 2020). After reviewing Plaintiffs' Motion and supporting documentation, the Court finds that the amount of time spent by Plaintiffs' attorneys was reasonable. The Court also finds that the requested hourly rate of $350.00 per hour is reasonable. *See Sarwar v. Lake Placid Hotel Partners, LLC*, No. 20-CV-1387, 2022 WL 833374, *2 (N.D.N.Y. Mar. 21, 2022) ("Courts in this District have found that a reasonable rate for work for an experienced partner is between $250 and $350 an hour.").

Additionally, the Court reviewed Plaintiffs' request for $445.00 in legal costs representing a $405.00 filing fee and $40.00 service of process fee and finds the request reasonable and supported by the record. *See* DeBella Dec. ¶ 28; *see also Muldowney v. Merit Recovery Sys., Inc.*, No. 18-CV-1057, 2019 WL 2024760, *5 (N.D.N.Y. May 8, 2019). Thus, the Court grants Plaintiffs $9,835.00 for attorney's fees and $445.00 for costs, for a total of $10,280.00.

### 4.    Pre-Judgment and Post-Judgment Interest

Plaintiffs seek pre-judgment interest at a rate of 11 percent per annum (the equivalent of $64.69 per diem) from November 21, 2025, the date of the filing of the Motion, to the date of judgment. *See* Dkt. No. 20-13. Plaintiffs also seek post-judgment interest from the date of judgment, pursuant to 28 U.S.C. § 1961(a). *See id.*

As to pre-judgment interest, "[i]nterest on withdrawal liability runs from the initial date the withdrawal liability was due." *Finkel v. Zizza & Assocs. Corp.*, No. 12-CV-4108, 2023 WL 8455937, at *13 (E.D.N.Y. Dec. 6, 2023). This interest continues to run until judgment is entered. *See Bd. of Trs. of the UFCW Loc. 50 Pension Fund v. Baker Hill Packing Inc.*, No. 13-CV-1888, 2015 WL 867013, at *11 (E.D.N.Y. Feb. 27, 2015).

Additionally, "a prevailing party is entitled to post-judgment interest as a matter of right." *Genworth Life & Health Ins. Co. v. Beverly*, 547 F. Supp. 2d 186, 190 (N.D.N.Y. 2008). This interest rate equals "the weekly average 1-year constant maturity Treasury yield . . . for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a).

Accordingly, the Court awards Plaintiffs pre-judgment interest at a rate of $64.69 per diem from November 21, 2025 to the date of judgment. The Court also awards Plaintiffs post-judgment interest as a matter of right at the rate instructed by 28 U.S.C. § 1961(a).

### IV. CONCLUSION

After carefully reviewing the record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiffs' motion for default judgment (Dkt. No. 20) is **GRANTED** as to Defendant Yank Waste, but **DENIED** as to Defendant Yank Waste's "controlled group"; and the Court further

**ORDERS** that Plaintiffs are entitled to an award in the amount of $301,542.45, plus pre-judgment interest, against Defendant Yank Waste, consisting of (1) $214,669.49 in withdrawal liability, (2) $38,296.48 in interest, (3) $38,296.48 in additional interest, (4) $10,280.00 in attorneys' fees and costs, and (5) pre-judgment interest in the amount of $64.69 per diem from date of the Motion, November 21, 2025, to the date of judgment; and the Court further

**ORDERS** that Plaintiffs are awarded post-judgment interest pursuant to 28 U.S.C. § 1961(a); and the Court further

**ORDERS** that Plaintiffs shall file within fourteen (14) days of the date of this decision a letter indicating if they wish to proceed on the claim against Defendant Yank Waste's "controlled group"; and the Court further

**ORDERS** that, once the disposition of any claim against the "controlled group" is determined, the Court will enter judgment in accordance with this Memorandum-Decision and Order; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of the Memorandum–Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  July 30, 2026
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

11